# United States Court of Appeals
### For the Eighth Circuit

_____

No. 25-1049
_____

Monty Jones

*Plaintiff - Appellant*

v.

Lincoln National Life Insurance Company; Wells Fargo

*Defendants - Appellees*
_____

Appeal from United States District Court
for the District of Minnesota
_____

Submitted: August 29, 2025
Filed: September 5, 2025
[Unpublished]
_____

Before GRUENDER, BENTON, and KOBES, Circuit Judges.
_____

PER CURIAM.

Monty Jones appeals the district court's[1] adverse grant of summary judgment in his Employee Retirement Income Security Act (ERISA) action arising from the

---

[1]The Honorable Donovan W. Frank, United States District Judge for the District of Minnesota.

denial of short-term disability (STD) benefits by appellee Lincoln National Life Insurance Company (Lincoln), administrator of the Wells Fargo & Company Short-Term Disability Plan. Upon careful review, we agree with the district court that Lincoln did not abuse its discretion in denying Jones's STD claim. See Carrow v. Standard Ins. Co., 664 F.3d 1254, 1258 (8th Cir. 2012) (de novo review of grant of summary judgment; if plan reserves discretionary power to construe terms or determine eligibility, administrator's decision is reviewed for abuse of discretion). Lincoln did not abuse its discretion by relying on the opinions of its nurse consultants over those of Jones's counselor, nor was Lincoln required to provide an independent medical examination (IME) of Jones before deciding his claim. See Rutledge v. Liberty Life Assurance Co. of Bos., 481 F.3d 655, 661 (8th Cir. 2007) (ERISA plan administrator need not order IME when insured's evidence supporting disability claim is facially insufficient); Coker v. Metro. Life Ins. Co., 281 F.3d 793, 799 (8th Cir. 2002) (where there is conflict of opinion between treating physician and plan administrator's reviewing physicians, administrator has discretion to find employee is not disabled unless such decision lacks support in record). Lincoln also did not fail to consider Jones's combination of conditions, as its denial letters reflected thorough review of all of the medical evidence submitted. See Rutledge, 481 F.3d at 660 (plan administrator did not fail to consider claimant's medical conditions in combination, as administrator evaluated his conditions and status as whole in denying claim).

The judgment is affirmed. See 8th Cir. R. 47B. We deny Jones's pending motions.

_____